# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:18CV43-FDW-DSC

| | |
|---|---|
| VELLESSIA ANNETTE CHURCH,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of Social Security Administration,**<br>　　　　Defendant. | **MEMORANDUM AND RECOMMENDATION OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for consideration.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on March 13, 2018. She assigns error to the Administrative Law Judge's ("ALJ") failure to properly evaluate a medical opinion and to the formulation of her Residual Functional Capacity ("RFC").[2] Plaintiff's "Memorandum in Support …" at 4-14 (document #9) and "Reply …" (document #16).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

Case 5:18-cv-00043-FDW-DSC    Document 17    Filed 11/26/18    Page 3 of 8

narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 21). At step two, the ALJ found that Plaintiff suffered from fibromyalgia, chronic kidney disease, chronic obstructive pulmonary disease, degenerative disc disease, chronic bronchitis, insomnia, obesity, and depression which were severe impairments. (Tr. 21). The ALJ also found that none of Plaintiff's impairments, nor any combination thereof, met or equaled the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. Id. (Tr. 21-23). The ALJ then found that Plaintiff retained the RFC to perform light

work,[4] except

> [T]he claimant needs sit/stand option with ability to change positions twice per hour. The claimant can lift no more than 10 pounds overhead with right upper extremity. The claimant cannot climb ropes, ladders, or scaffolds. The claimant can frequently handle, reach, and finger bilaterally. The claimant should avoid concentrated exposure to dust, gases, and fumes etcetera. The claimant is further limited to simple, routine, repetitive tasks of unskilled work. No constant change in routine, no complex decision-making, no crisis situations, and only occasional interaction with the public. The claimant can stay on task two hours at a time throughout the workday. The claimant should have ready to access to a restroom.

(Tr. 23). Applying this RFC, the ALJ found that Plaintiff could not perform her past relevant work as a physical therapist assistant (Tr. 27).

At step five, based upon a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") testified that Plaintiff could perform light unskilled work as a checker I, non post-office mail clerk, inspector/hand packager, and office helper, with more than 450,000 of those jobs available nationally. (Tr. 28). The V.E. stated that there was no conflict between his testimony and the Dictionary of Occupational Titles. (Tr. 29).

Accordingly, the ALJ found that Plaintiff was able to perform other work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. (Tr. 29).

In making his RFC determination, the ALJ discounted the opinion of treating Nurse Practitioner Susan Troutman, who opined that Plaintiff required a sit/stand option and was limited to sitting four hours and standing or walking one hour in an eight- hour workday. (Tr. 526). The V.E. testified that these limitations would preclude all competitive employment. (Tr. 222-223).

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

The ALJ agreed that Plaintiff required a sit/stand option. But he otherwise gave Ms. Troutman's opinion little weight because she had "a limited treatment relationship with [Plaintiff]; she only treated [Plaintiff] over a 5-month period and only saw her every six to eight weeks. Moreover, the degree of limitation reflected in the opinion is inconsistent with the other evidence of record." (Tr. 27). The ALJ cited Ms. Troutman's opinion but failed to identify or discuss any contradictory evidence in the record.

Plaintiff was seen a total of six times at the Christian Ministry Medical Center, a free clinic, including three times by Ms. Troutman. Ms. Troutman reviewed all of the treatment records in rendering her opinion. Although this relatively short period of treatment might support discounting Ms. Troutman's opinion, the ALJ failed to adequately develop the record here. See Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016); Mascio, 780 F.3d at 636.

The Court declines to re-weigh the evidence and/or determine what treatment the ALJ would have given Ms. Troutman's opinion had he adequately developed the record. Brown v. Colvin, 639 Fed. Appx. 921, 2016 WL 502918, *1 (4th Cir. February 9, 2016) ("Brown's medical record is not so one-sided that one could clearly decide, without analysis, that Listing 4.04C is not implicated. Further, we do not accept Brown's and the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding … it was error for the district court to do so"). Instead, courts should "remand to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that … meaningful judicial review [may occur]." Id. at *2 (quoting Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) ("Just as it is not our province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ] … it is also not our province—nor the province of the district court—to engage in these exercises in the first instance") (internal citation omitted).

Accordingly, the Court finds that the ALJ's RFC determination is not supported by substantial evidence. Kirk v. Berryhill, No. 1:16-cv-18-MR, 2017 WL 990470, at *6-7 (W.D.N.C. Mar. 14, 2017) (remand warranted where ALJ did not give sufficient weight to any medical opinion and therefore his RFC determination was not supported by substantial evidence).

For those reasons, the undersigned respectfully recommends that this matter be remanded for a new hearing. In recommending remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a ruling on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #14) be **DENIED**; and the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

## V. NOTICE OF APPEAL RIGHTS

---

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties <u>and to the Honorable Frank D. Whitney.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: November 26, 2018

David S. Cayer
United States Magistrate Judge